UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG BROWN,

        Petitioner,

v.

        CASE NO. 2:09-CV-10735
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

KENNETH J. AUD, et. al,

        Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

    Craig G. Brown, ("Petitioner"), presently on probation with the Oakland County Circuit Court Probation Office, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for possession with intent to deliver trenbolone, M.C.L.A. 333.7401(2)(b)(ii); and possession of trenbolone, M.C.L.A. 333.7403(2)(a)(ii). Petitioner has also filed a motion to hold the petition in abeyance pending the completion of the exhaustion of his state court remedies. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to finish exhausting his claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

*Brown v. Aud,* No. 09-10735

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. On May 8, 2007, petitioner was sentenced to 90 days in jail and one year probation. Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Brown,* 279 Mich. App. 116; 755 N.W. 2d 664 (2008); *reconsideration den.* July 30, 2008 (White, J. would grant reconsideration). Petitioner has filed an application for leave to appeal to the Michigan Supreme Court, which by petitioner's own admission, remains pending in that court. During the pendency of his appeal, petitioner's probationary term has been extended, but is scheduled to expire on May 8, 2009.

Petitioner has filed a petition for writ of habeas corpus, in which he seeks habeas relief on the eight claims that he presented to the Michigan Court of Appeals on his direct appeal. Petitioner has also filed a motion to hold the petition in abeyance pending the completion of the exhaustion of his claims in the Michigan Supreme Court.

### II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective

2

*Brown v. Aud,* No. 09-10735

process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990).

      Petitioner's claims are unexhausted, because his application for leave to appeal remains pending in the Michigan Supreme Court. A state prisoner cannot obtain federal habeas relief unless he or she has completely exhausted his or her available state court remedies by presenting his or her claims to the state's highest court. *See Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001). Therefore, a habeas petitioner must present each issue to the state's highest court, even if the state's highest court only provides for discretionary appellate review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999).

      Petitioner has asked this Court to hold his petition in abeyance pending the completion of his application for leave to appeal in the Michigan Supreme Court, because his probation is scheduled to expire on May 8, 2009. If petitioner's probation expires prior to the Michigan Supreme Court issuing a decision in his case, petitioner fears that any subsequently filed habeas petition would become moot, because he would no longer satisfy the "in custody" requirement for bringing a habeas petition.

      The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook ,* 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after

*Brown v. Aud,* No. 09-10735

the sentence on that conviction has fully expired. *Id.* at 492-93; *Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Petitioner's current probationary status satisfies the "in custody" requirement for filing a habeas petition. *See Miskel v. Karnes,* 397 F. 3d 446, 450 (6th Cir. 2005). However, once a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a petitioner "in custody." *Clemons,* 121 F. Supp. 2d at 1102-03.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005).

This Court believes that exceptional or unusual circumstances exist that would justify holding the petition for writ of habeas corpus in abeyance pending the completion of petitioner's appeal in the Michigan Supreme Court. A dismissal of petitioner's habeas application without prejudice could forever preclude petitioner from obtaining habeas relief should his term of probation expire prior to the Michigan Supreme Court rendering a decision in his case. At least two circuit courts have suggested that a habeas petition

4

*Brown v. Aud,* No. 09-10735

should be held in abeyance pending the complete exhaustion of state court proceedings, where an outright dismissal of the petition could jeopardize the petitioner's ability to bring a habeas petition in the future due to his inability to satisfy the "in custody" requirement due to the expiration of his sentence. *See Lee v. Stickman,* 357 F. 3d 338, 343. n. 5 (3rd Cir. 2004); *See also Gherity v. Swenson,*173 Fed. Appx. 532 (8th Cir. 2006)*.* In addition, petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner engaged in "intentionally dilatory tactics."*Rhines*, 544 U.S. at 278.

### III. ORDER

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to hold the petition in abeyance [Court Dkt. Entry # 2], and **STAYS** this action so that petitioner can fully exhaust state court remedies. The stay is conditioned on petitioner re-filing a habeas petition within 60 days after the conclusion of his appeal in the Michigan Supreme Court. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

5

*Brown v. Aud,* No. 09-10735

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  March 10, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 10, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary