
FILED
FEB 09 2010
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG BROWN,

    Petitioner,

v.

CASE NO. 2:09-CV-10735
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

KENNETH J. AUD, et. al,

    Respondent.
_____/

## OPINION AND ORDER DENYING AS MOOT
## THE MOTION FOR RECONSIDERATION

Craig G. Brown, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for possession with intent to deliver trenbolone, M.C.L.A. 333.7401(2)(b)(ii); and possession of trenbolone, M.C.L.A. 333.7403(2)(a)(ii). On March 10, 2009, this Court granted petitioner's motion to hold the petition in abeyance pending the completion of the exhaustion of his state court remedies in the Michigan Supreme Court. The Court also administratively closed the case. *Brown v. Aud,* No. 2009 WL 649830 (E.D. Mich. March 10, 2009).

On December 18, 2009, petitioner filed a motion for reconsideration, in which he asked the Court to essentially excuse the exhaustion of his state court remedies due to the Michigan Supreme Court's inordinate delay in adjudicating his appeal.

On February 1, 2010, petitioner e-mailed my chambers, to inform her that his motion was now moot, due to the fact that the Michigan Supreme Court has now denied him leave to appeal. This Court has confirmed that petitioner's application for leave to

appeal has been denied by the Michigan Supreme Court. *People v. Brown,* ---- N.W. 2d----; No. 2010 WL 334978 (Mich.Sup.Ct. January 29, 2010). [1] In a subsequent e-mail to my chambers, petitioner confirmed that his state court remedies have been exhausted but that he is not currently asking the Court to reinstate his habeas petition to the active docket, although he will do so at a later date. These emails shall be docketed.

In light of the fact that the Michigan Supreme Court has now denied petitioner leave to appeal, the Court will deny the motion for reconsideration as moot. The denial is without prejudice to petitioner's right to move to reinstate his habeas petition to the Court's active docket within the time prescribed by the Court's opinion and order of March 10, 2009 holding the petition in abeyance, which is March 31, 2010.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: February 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] The Court obtained this information from Westlaw's internet service. www.westlaw.com.