**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRAIG BROWN,

        Petitioner,

v.

CASE NO. 2:09-CV-10735
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

KENNETH J. AUD, et. al,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR DISCOVERY, FOR A PERMANENT INUNCTION, AND FOR A PROTECTIVE ORDER**

Craig G. Brown, ("Petitioner"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for possession with intent to deliver trenbolone, M.C.L.A. 333.7401(2)(b)(ii); and possession of trenbolone, M.C.L.A. 333.7403(2)(a)(ii). Before the Court are petitioner's motions for discovery, for a permanent injunction, and for a protective order. For the reasons that follow, the motions are denied.

**1. The motion for discovery**

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that

1

*Brown v. Aud,* et. al., 09-CV-10735

the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09.  The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442, 460 (6th Cir. 2001).

Until this Court reviews the petition for writ of habeas corpus, respondent's answer to the habeas petition, and petitioner's reply brief, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007).  In addition, none of the Rule 5 materials have been reviewed by the Court; and review "of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3.  Granting petitioner's discovery request at this time would be premature.  Therefore, the motion for discovery will be denied without prejudice. *Id.*

**2.  The motion for a permanent injunction.**

Petitioner has also filed a motion for permanent injunction, in which he asks this Court to enjoin the State of Michigan and its agents, servants, employees, and attorneys from possessing, using, or distributing petitioner's personal medical records that were seized from his personal physician.

In order to obtain a permanent injunction in federal court, a party must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that,

*Brown v. Aud,* et. al., 09-CV-10735

considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange*, L.L.C. 547 U.S. 388, 391 (2006).

Although petitioner has a right to privacy in his medical information, *See Doe v. Delie,* 257 F. 3d 309, 315 (3rd Cir. 2001); *See also Moore v. Prevo,* 379 Fed. Appx. 425, 427-28 (6th Cir. 2010), petitioner has failed to show that respondent has violated his right to privacy. By his own admission, the prosecutor never introduced petitioner's medical records at his trial. There is no indication that these medical records have been included with the Rule 5 materials that were submitted by respondent to this Court. The mere fact that the police or the prosecution had petitioner's medical records in their possession would not violate petitioner's right to privacy, so long as they did not disclose them to the general public. *See e.g. Ferguson v. City of Charleston, S.C.,* 186 F.3d 469, 483 (4th Cir. 1999); *rev'd on other grds,* 532 U.S. 67 (2001).

**3. The motion for a protective order.**

Petitioner has finally filed a motion for a protective order, in which he seeks to "safeguard evidence" and the "privacy and reputation" of a person whom he identifies only as "Witness # 1". Petitioner claims that this person gave him five pages of written documentation in June of 2010, which show that the state's expert witness gave false testimony at petitioner's trial. Petitioner claims that the documents in "Witness # 1's" possession are subject to a protective order for three reasons: 1) "Witness # 1" has no knowledge of being involved; 2) the documents identify "Witness # 1" with specificity;

3

*Brown v. Aud,* et. al., 09-CV-10735

and 3) the spillover effect of openly identifying "Witness # 1" prior to the Court's resolution of petitioner's discovery motion could cause the destruction or alteration of evidence sought by petitioner's motion for discovery.

"A district court may 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' by issuing a protective order 'forbidding ... discovery' if the court has "good cause."" *Graves v. Bowles,* 419 Fed. Appx. 640, 645 (6th Cir. 2011)(quoting Fed.R.Civ.P. 26(c)(1)(A)).  To establish good cause, the party that seeks a protective order "must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001)(internal citations omitted).

In the present case, petitioner has merely alleged in a conclusory fashion that "Witness # 1" is in possession of evidence that would support petitioner's claims or that the respondent or any law enforcement personnel would seek to destroy this evidence. In the absence of any specific facts that would show that this evidence would benefit petitioner or that it would be destroyed, petitioner is not entitled to a protective order.

*Brown v. Aud,* et. al., 09-CV-10735

## ORDER

**IT IS HEREBY ORDERED** that the motion for discovery [Dkt. # 18], the motion for a permanent injunction [Dkt. # 21], and the motion for a protective order [Dkt/ # 26] are denied.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 15, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 15, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary