UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG BROWN,

        Petitioner,

                              CASE NO. 2:09-CV-10735
v.                              HONORABLE ARTHUR J. TARNOW

KENNETH J. AUD, et. al,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR A STAY PENDING APPEAL AND AMENDING THE COURT'S ORDER OF JUNE 18, 2012

On June 18, 2012, this Court granted the petition for writ of habeas corpus on petitioner's claim that Michigan law was unconstitutionally vague as to whether Trenbolone, the drug contained in the Finaplix–H that petitioner had in his possession, is a controlled substance classified in schedule 1, 2, or 3 under Michigan's controlled substance laws. In so ruling, this Court concluded that Mich. Admin. Code R. 338-3122(2) did not clearly state that possession of an anabolic steroid in a form that is intended for usage in animals is illegal if the possessor intended to use the steroid for human consumption. *Brown v. Aud*, --- F.Supp.2d ----, No. 2012 WL 2236636 (E.D.Mich. June 18, 2012). Because petitioner's sentence had expired, the Court could not order petitioner's release from incarceration. The Court, however, ordered that petitioner's convictions for possession with intent to deliver Trenbolone and possession of Trenbolone be expunged by the Oakland County Circuit Court within thirty days of the Court's order. *Id.*

1

*Brown v. Aud,* U.S.D.C. No. 2:09-CV-10735

Respondent has now filed a motion for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner. Petitioner has filed an answer in opposition to the motion for a stay. For the reasons stated below, the motion for a stay is **DENIED**. However, since there was a delay in issuing this decision, the Court will amend the order requiring the expungement of petitioner's criminal conviction from 30 days to 60 days from the issuance of the Court's June 18, 2012 decision.

The factors regulating the issuance of a stay in a habeas case are:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ; *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992).

The Court declines to grant respondent's motion for a stay of proceedings pending appeal in this case. First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because he has failed to show either a strong likelihood of success on appeal or that he has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). This Court concluded, for reasons stated in greater detail in the opinion and order granting habeas relief, that Mich. Admin Code R 338.3122 does not clearly and unambiguously provide that possession of Trenbolone in a form that is expressly intended to be administered through implants to cattle or other nonhuman species becomes illegal if the possessor intended the Trenbolone for human consumption. *Brown v. Aud*, No. 2012 WL 2236636,

2

*Brown v. Aud,* U.S.D.C. No. 2:09-CV-10735 at * 6-8.  In particular, this Court noted that Judge Helene White had dissented from the majority of the Michigan Court of Appeals' decision which had affirmed petitioner's conviction and that her "sharp dissent" offered "a compelling and persuasive argument that the majority's conclusion was unreasonable, justifying habeas relief for petitioner." *Id.* at * 6 (Citing Rockwell v. Yukins, 341 F.3d 507, 516–17 (6th Cir.2003)(Clay, J., dissenting)).  Respondent has merely rehashed the same arguments that he made in his answer to the petition for writ of habeas corpus and which were rejected by this Court in the opinion and order granting habeas relief.

Secondly, respondent is not entitled to the issuance of a stay, because he has failed to show that he would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *Newman v. Metrish,* 300 Fed. Appx. 342, 343 (6th Cir. 2008); *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778.  Respondent contends that this Court, in finding Mich. Admin. Code R. 338.3122(2) to be unconstitutionally vague, has "effectively declared that the use of steroids in a form intended for use in animals is legal in Michigan."  This Court has not declared that it should be legal for humans to use steroids in a form intended for use in animals.  Instead, this Court has determined that the administrative rule, as currently written, is unconstitutionally vague because it does not put a person of ordinary intelligence on notice that Trenbolone that is packaged in a form that is expressly intended for administration through implants to cattle or other nonhuman species should be considered by that person to be a schedule 3 substance that would be illegal to possess if the possessor intended to use the drug in this form for human consumption.

*Brown v. Aud,* U.S.D.C. No. 2:09-CV-10735

There is nothing to prevent the Michigan Legislature from drafting more precise legislation that would clearly and unambiguously place a person of ordinary intelligence on notice that steroids that are packaged in a form that is expressly intended for administration through implants to cattle or other nonhuman species would become illegal if they are prescribed, dispensed, or distributed for human use. *Compare* 21 U.S.C. § 802 (41)(B)(ii); *See also* 21 CFR 1308.26(b).

Finally, this Court must consider the irreparable harm that petitioner would suffer if his unconstitutional convictions remained in place. Although petitioner's sentence has now expired, there are negative collateral consequences that would still flow from these convictions. These convictions would, among other things, prevent petitioner from arbitrating his employment, from taking his MCOLES recertification, from renewing his CPL, from starting law school, from taking a firearms training course, from getting reimbursement for the fines, fees, and costs that he paid as a condition of his probation, and most importantly, from restoring petitioner's reputation in the community. Because of both the direct and the collateral consequences that flow from a conviction, a state has "no substantive justification for keeping an unconstitutional conviction on an individual's record". *Gall v. Scroggy,* 603 F. 3d 346, 352 (6th Cir. 2010).

*Brown v. Aud,* U.S.D.C. No. 2:09-CV-10735

## ORDER

**IT IS ORDERED THAT** Respondent's Motion for a Stay Pending Appeal [Dkt. # 36] is DENIED.

**IT IS FURTHER ORDERED THAT** the order for expungement of petitioner's criminal conviction is **AMENDED** from 30 days to 60 days from the June 18, 2012 order granting petitioner habeas relief.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 9, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 9, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant