**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CRAIG BROWN,

Petitioner,

v.

CASE NO. 2:09-CV-10735
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

KENNETH J. AUD, et. al,

Respondent.
_________________________________/

**OPINION AND ORDER DENYING THE MOTION FOR AN EVIDENTIARY HEARING/RENEWED MOTION FOR DISCOVERY [Dkt. # 50] AND THE MOTION TO AMEND/CORRECT THE MOTION FOR AN EVIDENTIARY HEARING [Dkt. # 51], AND GIVING PETITIONER THIRTY DAYS TO INFORM THE COURT WHETHER HE WISHES TO EXHAUST ADDITIONAL CLAIMS IN THE STATE COURTS**

Petitioner filed a motion for an evidentiary hearing and a renewed motion for discovery, as well as a motion to amend or correct his motion for an evidentiary hearing. Respondent has filed a response to the motions and petitioner has filed a reply. For the reasons that follow, the motions are DENIED. The Court will further grant petitioner thirty days to inform the Court whether he wishes to return to the state courts to exhaust additional claims.

## I. Background

On June 18, 2012, this Court granted the petition for writ of habeas corpus on petitioner's claim that Michigan law was unconstitutionally vague as to whether

Trenbolone, the drug contained in the Finaplix–H that petitioner had in his possession, is a controlled substance classified in schedule 1, 2, or 3 under Michigan's controlled substance laws. *Brown v. Aud*, 868 F. Supp. 2d 608 (E.D. Mich. 2012). Because the Court granted habeas relief on this claim, the Court declined to rule on petitioner's remaining claims. *Id.*

The Sixth Circuit reversed this Court's judgment, ruling that this Court had erred in granting habeas relief to petitioner on his vagueness claim. The Sixth Circuit remanded the matter to this Court to consider petitioner's remaining grounds for relief. *Brown v. Aud*, No. 2013 WL 6017899 (6th Cir. November 12, 2013); *cert. den.* 134 S.Ct. 1769 (2014).

On December 17, 2014, this Court reopened the case to the Court's active docket and directed respondent to file a response to petitioner's two motions.

**II. Discussion**

In his renewed motion for discovery and/or for an evidentiary hearing, petitioner seeks discovery to support his claim that Michael Evans testified falsely at petitioner's trial that the employees of his company, AIT Labs, performed a urinalysis on a urine sample of petitioner's and that it tested positive for steroids. Petitioner also suggests that there may have been tampering with the evidence because an earlier urine sample from the same day had tested negatively for steroids. Petitioner has since obtained evidence which he claims supports his

allegation that Michael Evans committed perjury at trial concerning the positive urinalysis and that this affected the verdict. Petitioner seeks an order directing the discovery of the identity of the lab technician or technicians that conducted both of the urinalysis tests of the February 2003 sample of his urine, the name of the laboratory where the analyst(s) did the testing, and the chain-of-custody records for his urine sample.

Petitioner acknowledges that his claim that the prosecution presented perjured evidence, in violation of *Giglio v. United States*, 405 U.S. 150, 153 (1972), and/or withheld exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), has yet to be exhausted with the state courts, but seeks an order of discovery from this Court in order to prepare his state post-conviction motion. Petitioner filed a motion for discovery in the trial court, but the judge denied the motion. Petitioner, however, has yet to file a post-conviction motion for relief from judgment in the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of

available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005).

Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* A federal district court may permit discovery in a habeas case if the petitioner presents specific allegations which give the court reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate. *See Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009); *See also Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir. 2001). However, Rule 6 of the Habeas Rules does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F. 3d 932, 974 (6th Cir. 2004)(internal quotation omitted).

Petitioner's *Brady-Giglio* claim is unexhausted, thus, he is not entitled to discovery in support of this claim. *See Calderon v. U.S. Dist. Court for the E. Dist. of California (Sacramento)*, 113 F.3d 149 (9th Cir. 1997); *See also See Calderon v. United States Dist. Ct.,* 120 F. 3d 927, 928 (9th Cir.1997)(until petitioner filed federal habeas corpus petition on exhausted claim, he could not avail himself of

discovery); *Calderon v. U.S. Dist. Court for the Northern Dist. of California,* 98 F. 3d 1102, 1106 (9th Cir. 1996)("any right to federal discovery presupposes the presentation of an unexhausted federal claim, because a federal habeas petitioner is required to exhaust available state remedies as to each of the grounds raised in the petition"). Petitioner's request for an evidentiary hearing is likewise premature for the same reason that petitioner has yet to exhaust his claim with the state courts. *See e.g. Alley v. Bell,* 307 F. 3d 380, 388-90 (6th Cir. 2002).

Petitioner argues that the State of Michigan does not provide for post-conviction discovery and that the state judge already denied him discovery on this basis. Petitioner is not entirely correct with either premise. M.C.R. 6.507 provides that the parties may "expand the record by including any additional materials [the court] deems relevant to the decision on the merits of the motion. The expanded record may include letters, affidavits, documents, [and] exhibits....". *See also People v. Grissom,* 492 Mich. 296, 330, n. 16, 821 N.W.2d 50, 68 (2012)(Kelly, J., concurring). Michigan thus provides a basis for limited discovery in post-conviction proceedings. Moreover, it is not clear that the judge denied petitioner's discovery request on the ground that Michigan does not provide discovery in post-conviction cases or that the prosecutor opposed petitioner's request on this basis. Although the prosecutor argued at the motion

hearing that there was no post-appeal discovery, he appeared to argue this in the context of noting that petitioner's case was closed and that petitioner had yet to file a motion for relief from judgment. The prosecutor suggested that petitioner could file a motion for relief from judgment and request this information as part of that motion. (Tr. 6/26/13, pp. 4-7, attached as Petitioner's Exhibit A to the Motion for Evidentiary Hearing/Renewed Motion for Discovery). The prosecutor, in fact, in their reply to petitioner's motion acknowledged that petitioner could obtain discovery pursuant to M.C.R. 6.507(A) provided that there was a pending motion for relief from judgment. (People's Response to Defendant's Post-Conviction Post-Appeal Motion to Compel Discovery, pp. 4-5, attached as Petitioner's Exhibit B to Petitioner's Reply Brief). Petitioner thus has a potentially available state remedy to obtain this discovery and to exhaust his claim. The Court will deny petitioner's motions for discovery.

In light of the foregoing, the Court will order petitioner to clarify within thirty days of this order whether he wishes to delete his unexhausted *Brady-Giglio* claim from consideration and proceed with only the exhausted claims which have yet to be adjudicated, or whether he wishes to ask this Court to hold the petition in abeyance to permit him to return to the state courts to exhaust this additional claim.

**ORDER**

**IT IS HEREBY ORDERED** the motion for an evidentiary hearing/renewed motion for discovery [Dkt. # 50] and the motion to amend/correct the motion for an evidentiary hearing [Dkt. # 51] are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall clarify within thirty days of this order whether he wishes to delete his unexhausted claim or claims from consideration and proceed with only the exhausted claims, or whether he wishes to ask this Court to hold the petition in abeyance to permit him to return to the state courts to exhaust these additional claims.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 11, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 11, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant