**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CRAIG BROWN,

        Petitioner,

                                  CASE NO. 2:09-CV-10735

v.                                HONORABLE ARTHUR J. TARNOW
                                  UNITED STATES DISTRICT JUDGE

KENNETH J. AUD, et. al,

        Respondent.

_____/

**OPINION AND ORDER ON REMAND (1) GRANTING THE MOTION TO
EXPAND THE RECORD, (2) DENYING THE MOTION FOR ORDER TO
REISSUE AN UNCONDITIONAL WRIT, (3) DENYING THE PETITION FOR
WRIT OF HABEAS CORPUS, (4) DENYING A CERTIFICATE OF
APPEALABILITY AND (5) GRANTING LEAVE TO APPEAL IN FORMA
PAUPERIS**

      Craig G. Brown, ("Petitioner"), currently residing in Pontiac, Michigan, filed

a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging his conviction for possession with intent to deliver Trenbolone,

M.C.L.A. 333.7401(2)(b)(ii); and possession of Trenbolone, M.C.L.A.

333.7403(2)(a)(ii).  This matter is on remand from the United States Court of

Appeals for the Sixth Circuit following the reversal of the issuance of a writ by this

Court.  For the reasons that follow, the motion to expand the record is

GRANTED.  The motion to issue an unconditional writ and the petition for writ of

*Stokes v. Haas,* 2:07-CV-11341

habeas corpus are DENIED.  The Court denies a certificate of appealability but

grants petitioner leave to appeal *in forma pauperis*.

## I.  Background

Petitioner was convicted following a jury trial in the Oakland County Circuit

Court.  This Court in its original opinion and order granting habeas relief did an

extensive recitation of the facts and procedural history of petitioner's case in the

state courts. *Brown v. Aud*, 868 F. Supp. 2d 608, 610-12 (E.D. Mich. 2012);

*amended*, No. 2:09-CV-10735, 2012 WL 2711397 (E.D. Mich. July 9, 2012).  For

the sake of brevity, the Court again adopts these facts and will add only those

facts that are necessary for adjudicating petitioner's remaining claims.

This Court granted the petition for writ of habeas corpus on petitioner's

claim that Michigan law was unconstitutionally vague as to whether Trenbolone,

the drug contained in the Finaplix–H that petitioner had in his possession, is a

controlled substance classified in schedule 1, 2, or 3 under Michigan's controlled

substance laws. *Brown v. Aud*, 868 F. Supp. 2d at 613-18.  Because the Court

granted habeas relief on this claim, the Court declined to rule on petitioner's

remaining claims. *Id.*

The Sixth Circuit reversed this Court's judgment, ruling that this Court had

erred in granting habeas relief to petitioner on his vagueness claim.  The Sixth

Circuit remanded the matter to this Court to consider petitioner's remaining

2

*Brown v. Aud, et. al.* 2:09-CV-10735

grounds for relief. *Brown v. Aud*, No. 2013 WL 6017899 (6th Cir. November 12, 2013); *cert. den.* 134 S.Ct. 1769 (2014).

Petitioner sought a writ of habeas corpus on the following grounds:

I. Mich. Adm. Code R. 338.3122 is void for vagueness based on two premises. First, it does not provide notice of the conduct proscribed. Second, it confers arbitrary discretion on law enforcement to determine whether an offense was committed.

II. Petitioner did not receive effective assistance of counsel at trial.

III. The State's misconduct denied petitioner due process and equal protection of law.

IV. The Supreme Court's *Garrity* decision applies even if the state did not admit the evidence against petitioner at trial.

V. The search warrant for petitioner's urine violated the Fourth Amendment, the Sixth Amendment, and petitioner's right to due process.

VI. Postal Inspector Mike Winters exceeded the scope of a federal search warrant by seizing Finaplix.

VII. The police violated the Fourth Amendment by adding knowingly false testimony into the affidavit for the search warrant to petitioner's home.

VIII. The State's warrantless search of petitioner's e-mail was unconstitutional.

On December 17, 2014, this Court reopened the case to the Court's active docket.

3

*Brown v. Aud, et. al.* 2:09-CV-10735

Petitioner has also filed a motion for the reissuance of the unconditional

writ.  Respondent filed a response to the motion.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

4

*Brown v. Aud, et. al.* 2:09-CV-10735

not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III.  Discussion

### A.  The motion to expand the record.

Petitioner filed a motion to expand the record.  Petitioner asks the Court to expand the record to include a copy of the state trial court's opinion denying his post-conviction motion for relief from judgment and petitioner's application for leave to appeal the decision to the Michigan Court of Appeals.  The Court previously entered an order on March 19, 2015 allowing petitioner's motion for relief from judgment to be included in the record.

Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition."  A federal district court judge may employ a variety of measures to avoid the

5

*Brown v. Aud, et. al.* 2:09-CV-10735

necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).

Petitioner requests the Court to expand the record to include materials which may support his Due Process/Confrontation Clause claim.  Because these materials may help resolve any factual disputes in this case, the Court will permit the court record to be expanded to include these materials.

### B.  The motion to reissue the unconditional writ.

Petitioner asks this Court to reissue the unconditional writ, claiming that the Court's original unconditional writ is still valid because the Sixth Circuit never addressed, and thus did not reverse, the Court's second rationale for granting the writ.

Petitioner argues that this Court granted relief on his vagueness claim on two grounds, first, that Rule 338.3122(2) failed to provide fair notice to a person of ordinary intelligence what conduct it proscribes, and secondly, that the Michigan Court of Appeals' novel construction of the rule could not be retroactively applied to petitioner's former conduct because at the time the acts were committed, they were not fairly disclosed to be within the scope of the rule. Petitioner argues that he is entitled to reissuance of the writ because the Sixth

6

*Brown v. Aud, et. al.* 2:09-CV-10735

Circuit only addressed the first ground for granting relief, namely, the fair notice issue, without addressing the second ground for relief.

Respondent contends that the law of the case doctrine bars this Court from reviewing again the vagueness claims raised by petitioner, because the Sixth Circuit reversed this Court's grant of habeas relief, ruling that Rule 338.3122(2) was not unconstitutionally vague.

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996).  "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).  The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); *See also In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002)("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")(internal quotation marks and citations omitted).

The Sixth Circuit held the Michigan Court of Appeals's rejection of petitioner's void for vagueness claim was reasonable:

7

*Brown v. Aud, et. al.* 2:09-CV-10735

The state court's rejection of Brown's vagueness claim was not an objectively unreasonable application of federal law. Section 338.3122(1) clearly defines Trenbolone as a prohibited schedule 3 controlled substance. Further, the state court rationally concluded that the exception in § 338.3122(2) is based on the intent of the possessor rather than the physical form of the drug in the individual's possession. Consequently, the district court erred by granting Brown habeas relief on his vagueness claim.

*Brown v. Aud*, No. 12-1845, 2013 WL 6017899, at *2 (internal citation omitted).

The Sixth Circuit ruled that R 338.3122(2) by its very terms clearly forbids possession of Trenbolone when it is intended for human use. In other words, the rule "fairly disclosed" that petitioner's conduct was within its scope. There was thus no need for the Sixth Circuit to specifically address whether the Michigan Court of Appeals' decision amounted to a novel construction of the rule. Although the Sixth Circuit did not explicitly address this Court's second ground for granting relief, by finding that the rule was not unconstitutionally vague, the Sixth Circuit implicitly ruled that there was no need to consider the Court's second basis for granting the writ. Accordingly, this Court is precluded under the law of the case doctrine from reissuing the writ on the first claim.

**C. Petitioner's remaining claims.**

**1. Ineffective assistance of counsel.**

Petitioner contends that he was denied the effective assistance of counsel.

8

*Brown v. Aud, et. al.* 2:09-CV-10735

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner first argues that trial counsel was ineffective for failing to object to Rule 338.3122(2) on the ground that it was unconstitutionally vague.  Although this Court concluded that Rule 338.3122(2) was unconstitutionally vague, the Michigan Court of Appeals and the Sixth Circuit both rejected petitioner's argument that the rule was unconstitutionally vague.  Because these courts concluded that R 338.3122(2) was not impermissibly vague, petitioner

9

*Brown v. Aud, et. al.* 2:09-CV-10735

was not prejudiced by counsel's failure to object to the rule on this basis. *See e.g. Sutton v. Bell,* 645 F. 3d 752, 760 (6th Cir. 2011).

Petitioner next contends that trial counsel was ineffective for failing to object to Michael Evans, the director of American Institute of Technology, testifying that petitioner's urine tested positive for Trenbolone. Petitioner argues that Evans' testimony violated petitioner's Sixth Amendment right to confrontation because Evans did not perform the test himself. [1]

To the extent that petitioner is raising an independent Confrontation Clause claim, he would not be entitled to relief because Evans' testimony regarding the urine test was harmless error at most.

In *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), the U.S. Supreme Court held that for purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the

---

[1] Respondent argues that this claim, as well as petitioner's selective prosecution claim, *infra*, were not properly exhausted with the state courts. Petitioner argues these claims were exhausted. A habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). Because these claims are without merit, it is easier for the Court to ignore any failure to exhaust and proceeds directly to the merits of these claims.

*Brown v. Aud, et. al.* 2:09-CV-10735

appropriate harmless error standard to apply is whether the error had a

substantial and injurious effect or influence in determining the jury's verdict.

Confrontation Clause violations are subject to harmless error review. *See*

*Bulls v. Jones,* 274 F.3d 329, 334 (6th Cir. 2001).  In determining whether a

Confrontation Clause violation is harmless under *Brecht*, a court should consider

the following factors: "(1) the importance of the witness' testimony in the

prosecution's case; (2) whether the testimony was cumulative; (3) the presence

or absence of evidence corroborating or contradicting the testimony of the

witness on material points; (4) the extent of cross examination otherwise

permitted; and (5) the overall strength of the prosecution's case." *See Jensen v.*

*Romanowski,* 590 F.3d 373, 379 (6th Cir. 2009)(citing *Delaware v. Van Arsdall*,

475 U.S. 673, 684 (1986)).

The Michigan Court of Appeals found, with respect to petitioner's related

Fourth Amendment claim, that admission of the urine test was harmless error

because it was admitted for a limited purpose and in light of the additional

evidence against petitioner:

> Moreover, reversal is not required because defendant has failed to
> show how evidence of his positive urine test affected the outcome of
> the trial.   Consistent with the trial court's jury instruction, the
> prosecution used the evidence for the limited purpose of challenging
> defendant's assertion that he purchased the steroids for Henry to give
> to his dog.   However, the prosecution presented evidence that
> defendant purchased the steroids for personal use.   Specifically, the
> prosecution presented evidence of used steroid kits found in

11

*Brown v. Aud, et. al.* 2:09-CV-10735

defendant's garbage, numerous e-mails suggesting his steroid use, his statement upon arrest that Finaplix–H was legal, and his sale of steroids to Geoit.  Taken independently or in combination, this evidence provides overwhelming evidence that defendant did not purchase Trenbolone for Henry to give to his dog.  Thus, assuming that defendant's positive steroid test result was improperly admitted at trial to impeach Henry, reversal is nonetheless not required because overwhelming evidence was presented to put Henry's credibility in question.

*People v. Brown*, 279 Mich. App. at 129-30.

In light of the additional evidence showing that petitioner was using and intending to deliver Trenbolone, the admission of the urine test was harmless error at most.

"The prejudice prong of the ineffective assistance analysis subsumes the *Brecht* harmless-error review." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009). Because the admission of the positive urine test was harmless error, petitioner cannot satisfy *Strickland's* prejudice requirement. *See e.g. Bell v. Hurley,* 97 F. App'x. 11, 17 (6th Cir. 2004).  Petitioner was not prejudiced by counsel's failure to object to the admission of Evans' testimony.

Petitioner next contends that trial counsel was ineffective for failing to object to the prosecutor's allegedly "egregious" cross-examination of defense witness Mike Henry.

Petitioner does not specify how the prosecutor's cross-examination was improper but merely cites to two pages in the trial transcript. (Tr. III (4/6/06), pp.

12

*Brown v. Aud, et. al.* 2:09-CV-10735

51-52).  The pages that petitioner cites involve the prosecutor's closing

argument and not his cross-examination of Mr. Henry.  The prosecutor in his

closing argument attacked Mr. Henry's credibility.

The prosecutor's comments, when viewed in context, indicate that the

prosecutor based his comments on inferences from the evidence presented in

court and not upon any personal knowledge.  Because the prosecutor's

comments about Mr. Henry as being untruthful were based on the evidence

presented in court, was only a small portion of the prosecutor's argument, and

did not create the impression that the prosecutor knew of evidence not

presented to the jury, the prosecutor's comments did not deprive petitioner of a

fair trial. *See Cristini v. McKee*, 526 F. 3d 888, 902 (6th Cir. 2008).

To show prejudice under *Strickland* for failing to object to prosecutorial

misconduct, a habeas petitioner must show that but for the alleged error of his

trial counsel in failing to object to the prosecutor's improper questions and

arguments, there is a reasonable probability that the proceeding would have

been different. *Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001).  Because the

prosecutor's remarks did not deprive petitioner of a fundamentally fair trial,

petitioner is unable to establish that he was prejudiced by counsel's failure to

13

*Brown v. Aud, et. al.* 2:09-CV-10735

object to these remarks. *Slagle v. Bagley* , 457 F. 3d 501, 528 (6th Cir. 2006).

### 2. Prosecutorial misconduct.

Petitioner claims that he was denied a fair trial because of prosecutorial misconduct.

Petitioner contends that he was the victim of a selective prosecution. Petitioner claims that he was singled out for prosecution because the prosecutor charged him with a novel interpretation of R 338.3122(2) that the State of Michigan never enforced against a similarly situated person.  Petitioner claims that the sole purpose of the prosecution was to prevent him from reporting the illegal and unethical behavior of the Lapeer County Prosecutor and petitioner's boss, the chief of the Almont Police Department.

Under the Supreme Court's "selective prosecution doctrine, 'the decision to prosecute may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights.'" *Reno v. American–Arab Anti–Discrimination Committee*, 525 U.S. 471, 497 (1999)(Ginsburg, J., concurring in part and concurring in the judgment)(quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)).  Prosecuting attorneys, however, retain broad discretion to enforce criminal laws. *United States v. Armstrong*, 517 U.S. 456, 464 (1996).  Thus, "[t]he presumption of regularity supports" their prosecutorial

14

*Brown v. Aud, et. al.* 2:09-CV-10735

decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15 (1926).  In the typical criminal case, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his [or her] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364(1978).  To dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear evidence to the contrary." *Chemical Foundation, supra*, at 14–15.

There is no evidence in the record before this Court that the petitioner was charged as a result of selective prosecution.  The Michigan Court of Appeals and the Sixth Circuit held that R 338.3122(2) clearly prohibits the possession of Trenbolone for human use, regardless of the form that it was in.  The evidence established that petitioner was in possession of Trenbolone and intended to deliver it.  Although petitioner presented some evidence that he filed complaints against his police chief, many of these complaints appeared to involve disputes between the chief and petitioner over department policies.  Petitioner claims that further proof of selective prosecution is that the Lapeer County Prosecutor

15

*Brown v. Aud, et. al.* 2:09-CV-10735

declined to bring an assault charge against the police chief after petitioner filed a complaint that the chief hit him in the chest during an argument.

The problem with all of petitioner's arguments is that he was prosecuted by the Oakland County Prosecutor, not the Lapeer County Prosecutor. Petitioner presented no evidence that the Oakland County Prosecutor colluded with the Lapeer County Prosecutor or the Almont chief of police to charge petitioner. The prosecutor had probable cause to charge petitioner based on the evidence in this case. Petitioner presented no clear evidence that the prosecutor violated his right to equal protection of the law. The Court therefore declines to grant relief on the basis of the petitioner's selective-prosecution claim.

Petitioner next contends that the prosecutor committed misconduct by introducing evidence that petitioner's urine tested positive for Trenbolone, when another prosecutor had previously agreed not to introduce this test into evidence.

In deciding whether prosecutorial misconduct mandates that habeas relief be granted, a federal court must apply the harmless error standard. *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir. 1997). Where a prosecutor's conduct does not have a substantial or injurious effect on the outcome of the trial, habeas relief should be denied. *See Maurino v. Johnson*, 210 F. 3d 638, 644 (6th Cir. 2000).

16

*Brown v. Aud, et. al.* 2:09-CV-10735

This Court already concluded that admission of the positive urine test did not have a substantial or injurious effect on the outcome of the trial, hence, any misconduct by the prosecutor in breaching the agreement and admitting the urine test does not entitle petitioner to relief.

### 3. Petitioner's Fourth Amendment claims.

In his fourth through eighth claims, petitioner brings various challenges to the legality of the searches and seizures.  In his fourth claim, petitioner contends that the police used statements taken in violation of petitioner's rights under *Garrity v. New Jersey,* 385 U.S. 493 (1967), which were used to obtain petitioner's medical records. [2]  Although these records were not admitted at trial, petitioner claims that information from these records was used to obtain a search warrant.  In his fifth claim, petitioner claims that the search warrant for petitioner's urine violated his Fourth Amendment rights.  In his sixth claim, petitioner contends that a federal postal inspector exceeded the scope of his search warrant by seizing the Finaplix.  In his seventh claim, petitioner contends that the information contained in the search warrant for petitioner's home was false.  In his eighth claim, petitioner contends that the warrantless search of his e-mail violated the Fourth Amendment.

---

[2]  In *Garrity,* the United States Supreme Court held that self-incriminatory statements taken from a police officer under the threat of discharge from employment could not be used in a criminal prosecution against the officer.

*Brown v. Aud, et. al.* 2:09-CV-10735

With the exception of the search warrant for petitioner's urine, the other search warrant claims were raised by petitioner in a pre-trial motion to suppress the evidence, which was denied by the trial judge on the ground that these issues had already been raised and rejected by the Lapeer County Circuit Court and the Michigan Court of Appeals in a related prosecution, in which petitioner had attempted unsuccessfully to suppress the same evidence that was used in this case. *People v. Brown,* No. 2004-194664-FH (Oakland County Circuit Court, May 28, 2004).

Petitioner was separately convicted in the Lapeer County Circuit Court of wilful neglect of duty, based in part on the same evidence that was presented in his Oakland County prosecution.  The Michigan Court of Appeals affirmed his wilful neglect of duty conviction.  In so doing, the court upheld the Lapeer County Circuit Court's decision to deny petitioner's motion to suppress the evidence based on the alleged invalidity of the search warrants. *People v. Brown*, No. 254476, 2005 WL 782674, at * 1-2 (Mich. Ct. App. Apr. 7, 2005).  The Michigan Supreme Court subsequently denied petitioner leave to appeal in that case. *People v. Brown,* 477 Mich. 922, 697 N.W. 2d 195 (2005). [3]

---

[3]  Petitioner filed a habeas petition to challenge this conviction, which was denied. *Brown v. Michigan*, No. 05-CV-72440-DT, 2011 WL 5975058 (E.D. Mich. Nov. 28, 2011).

*Brown v. Aud, et. al.* 2:09-CV-10735

The Michigan Court of Appeals in the current case rejected the majority of petitioner's search warrant claims, holding that petitioner was collaterally estopped from raising these claims because they had already been raised and rejected by the trial and appellate courts in his earlier Lapeer County Circuit Court case. *People v. Brown*, 279 Mich. App. at 126-27.

The Michigan Court of Appeals further concluded that there was adequate information to provide probable cause to justify the search warrant for petitioner's urine. *Brown,* 279 Mich. App. at 128-29.

The trial judge denied petitioner's motion to suppress the computer search, ruling petitioner did not have standing to challenge this search. (Tr. 12/14/05).

The Michigan Court of Appeals rejected petitioner's challenge to the warrantless search of petitioner's e-mail.  The Michigan Court of Appeals first questioned whether petitioner had standing to challenge the search because petitioner did not own the computer in which his e-mail was located.  The Michigan Court of Appeals further concluded that even if petitioner had standing to challenge the search, the search was valid because petitioner's landlady had given the police consent to search the computer. *Brown,* 279 Mich. App. at 130-34.

19

*Brown v. Aud, et. al.* 2:09-CV-10735

Finally, the Michigan Court of Appeals rejected petitioner's *Garrity* claim because petitioner failed to show that any of the statements taken from him in violation of *Garrity* were used against him in this prosecution. *Brown,* 279 Mich. App. at 144.

During the pendency of his case, petitioner filed a pre-trial habeas petition challenging the trial court's denial of his motions to suppress, which was summarily denied. *Brown v. State of Michigan,* 05-10108-BC (E.D. Mich. May 31, 2005); *app. dism.* No. 05-1752 (6th Cir. January 17, 2006).

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a

20

*Brown v. Aud, et. al.* 2:09-CV-10735

state court's conclusions regarding a Fourth Amendment claim "is simply

irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009).

"The courts that have considered the matter 'have consistently held that an

erroneous determination of a habeas petitioner's Fourth Amendment claim does

not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F. 2d

51, 57 (3rd Cir. 1986)).  Thus, an argument by a habeas petitioner that is

"directed solely at the correctness of the state court decision [on a Fourth

Amendment claim] 'goes not to the fullness and fairness of his opportunity to

litigate the claim[s], but to the correctness of the state court resolution, an issue

which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13

(quoting *Siripongs v. Calderon*, 35 F. 3d 1308, 1321 (9th Cir. 1994)).  The Sixth

Circuit has held that "[t]he *Powell* 'opportunity for full and fair consideration'

means an available avenue for the prisoner to present his claim to the state

courts, not an inquiry into the adequacy of the procedure actually used to resolve

that particular claim." *See Good v. Berghuis,* 729 F. 3d 636, 639 (6th Cir. 2013);

*reh'g denied* (Jan. 8, 2014), *cert. denied*, 135 S. Ct. 1174 (2015).

     Petitioner had several opportunities to raise his Fourth Amendment claims

in the trial and appellate courts.  That is sufficient to preclude review of the

claims on habeas review. *Good v. Berghuis,* 729 F. 3d at 640.  Petitioner is not

entitled to relief on his claims.

21

*Brown v. Aud, et. al.* 2:09-CV-10735

**D.  A certificate of appealability.**

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [4] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

---

[4]  Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

22

*Brown v. Aud, et. al.* 2:09-CV-10735

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Brown is not entitled to federal-habeas relief on the remaining claims presented in his petition.

23

*Brown v. Aud, et. al.* 2:09-CV-10735

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that the motion to reissue the unconditional

writ (Dkt. # 60) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to expand the record (Dkt. #

63) is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal

*in forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 8, 2015

I hereby certify that a copy of the foregoing document was served upon
parties/counsel of record on December 8, 2015, by electronic and/or ordinary
mail.

S/Catherine A. Pickles
Judicial Assistant

24